IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>COREY LEWIS,<br><br>        Defendant. | Civil Action No. 13-27-RGA |

## MEMORANDUM ORDER

The Defendant filed a Motion to Compel Disclosure of the Identity of the Confidential Informant. (D.I. 40). The motion is fully briefed. (D.I. 41). The Defendant's motion is **DENIED** for the reasons stated below.

### Legal Standard

The Government maintains a privilege to withhold the identity of a person who furnishes information to law enforcement concerning violations of the law. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* The scope of this privilege is limited in situations in which the content of the communication "w[ould] not tend to reveal the identity of [the] informer," where "the identity of the informer has been disclosed to those who would have cause to resent the communication," and where the "fundamental requirements of fairness" are impacted by the privilege. *Id.* at 60.

"Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61. In determining whether to require the government to disclose the identity of the informer, the Court is to balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. The Third Circuit has further elaborated that "three types of cases may emerge." *United States v. Jiles*, 658 F.2d 194, 196 (3d Cir. 1981).

> First, the court may be presented with an extreme situation . . . in which the informant played an active and crucial role in the events underlying the defendant's potential criminal liability. In these cases, disclosure and production of the informant will in all likelihood be required to ensure a fair trial. At the other end of the spectrum, are the cases in which the informant was not an active participant or eyewitness, but rather a mere tipster. In such cases, courts have generally held that the informant's identity need not be disclosed. A third group of cases falls between these two extremes and it is in this group that the balancing becomes most difficult.

*Id.* at 196-97 (internal citations omitted). However, even before a Court determines which type of confidential informant is at issue in the case, the Court must first "ascertain what need, if any, the defendant has alleged for disclosure." *United States v. Marshall*, 471 F. Supp. 2d 479, 484 (D. Del. 2007) (internal quotation marks omitted).

**Analysis**

The Defendant has not put forth sufficient evidence for the existence of any need for information that the confidential informant may have. The Defendant puts forth two arguments. First, the Plaintiff alleges that the confidential informant may be a possible witness to the crime. (D.I. 40-1 at 3-4). Second, the Defendant alleges that the confidential informant may be able to testify as to the credibility of the arresting police officers. *Id.* Taking the Defendant's arguments in turn. First, no evidence has been proffered to the Court that the confidential informant was an

2

eyewitness to the Defendant's confrontation with the police or his alleged throwing of the firearm.[1] Without even a hint of evidence regarding this, or a hint of what the confidential informant would say, the Defendant's first argument fails. Second, as the Government has stated that the police officer will not be questioned about any statement made by the confidential informant, whether the confidential informant's account of what he told the police officer differs from the police officer's account is not relevant and thus does not provide support for a need that would justify disclosing the confidential informant's name. The Defendant states that maybe the confidential informant's version of what he told Detective Fox would differ from what Detective Fox reported. If this were a sufficient basis to require disclosure of the confidential informant's identity, then a confidential informant's disclosure could always be compelled, since an allegation that the confidential informant might say something different then the police could always be advanced.

Therefore, for the aforementioned reasons, the Defendant's Motion to Compel (D.I. 40) is **DENIED**.

Entered this 4th day of March, 2014.

/s/ Richard G. Andrews
United States District Judge

---

[1] No one submitted an affidavit. The Defendant proffered that he does not know whether the confidential informant was an eyewitness, but believes he was. The basis for this belief is not stated. The Government proffers that he was not an eyewitness based on a proffer of what Detective Fox would say.

3